**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HOSPIRA, INC. and ORION CORP., <br><br> Plaintiffs, <br><br> v. <br><br> EUROHEALTH INTERNATIONAL SARL and WEST-WARD PHARMACEUTICAL CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 14-487-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| HOSPIRA INC. and ORION CORP., <br><br> Plaintiffs, <br><br> v. <br><br> EUROHEALTH INTERNATIONAL SARL and WEST-WARD PHARMACEUTICAL CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 14-1008-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] JOINT PRETRIAL ORDER**

This matter having come before the Court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and Abrams & Bayliss LLP, 20 Montchanin Road, Suite 200, Wilmington, DE 19807, and Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, having appeared as counsel for Plaintiffs Hospira, Inc. ("Hospira") and Orion Corporation ("Orion") (collectively, "Plaintiffs"), and Shaw Keller LLP, 300 Delaware Avenue, Suite 1120, Wilmington, DE 19801, and Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, having appeared for Defendants Eurohealth International SARL ("Eurohealth") and

West-Ward Pharmaceutical Corp. ("West-Ward") (collectively, "Defendants"), the following actions were taken:

**I.       JURISDICTION**

1.      This is a consolidated civil action for alleged patent infringement of U.S. Patent No. 6,716,867 (the "'867 patent"), arising under the patent laws and the Hatch-Waxman Act. *See* 35 U.S.C. §§ 1 *et seq.*; 21 U.S.C. § 355. The jurisdiction of the Court is involved under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Plaintiffs state that venue is invoked under 28 U.S.C. §§ 1391 and 1400(b). Defendants do not contest jurisdiction or venue solely for the limited purpose of this action.

**II.      STIPULATIONS AND STATEMENTS**

   **A.      Stipulations**

2.      The parties stipulated that Eurohealth is substituted for Ben Venue Laboratories, Inc. formerly d/b/a Bedford Laboratories as a Defendant in this action. Civ. No. 14-cv-10008, ECF No. 14; Civ. No. 14-cv-487, ECF No. 19.

3.      Defendants requested leave to file a letter brief seeking permission to file a motion for summary judgment on the issue of collateral estoppel and the parties stipulated that they would submit letter briefs on the issue. Civ. No. 14-cv-487, ECF No. 29. The Defendants' letter request to file a summary judgment motion was denied. Civ. No. 14-cv-487, ECF No. 44.

4.      The parties stipulated to the construction of the following claim terms in connection with the '867 patent: (i) "intensive care unit," (ii) "sedating a patient in an intensive care unit," and (iii) "arousable and orientated." Civ. Act. No. 14-cv-487, ECF No. 88.

5.      The parties agree that testimony from Ms. Kelly Glivar, Mr. Antti Haapalinna, Dr. Romeo Bachand, and Dr. Rikua Aantaa in *Hospira, Inc. and Orion Corp. v. Sandoz Int'l GmbH et al.*, 09-cv-04591-MLC-TJB can be used as if taken in this case.

### B. Statement of Uncontested Facts

6. The parties' statement of uncontested facts is set forth in the attached **Exhibit A**.

7. These uncontested facts require no proof at trial and are part of the evidentiary record in this case.

### C. Statement of Contested Issues of Fact and Law

8. Plaintiffs' statement of contested issues of fact and law that remain to be litigated is attached as **Exhibit B**.

9. Defendants' statement of contested issues of fact and law that remain to be litigated is attached as **Exhibit C**.

10. If any statement in a party's statement of issues of fact that remain to be litigated should properly be considered an issue of law, then such statement shall be so considered as an issue of law. Similarly, if any statement in a party's statement of issues of law that remain to be litigated should properly be considered an issue of fact, then such statement shall be so considered as an issue of fact.

## III. TRIAL EXHIBITS

11. Plaintiffs' list of pre-marked trial exhibits, excluding exhibits solely for impeachment, that they intend to offer at trial, including Defendants' objections thereto, is attached as **Exhibit D**.

12. Defendants' list of pre-marked trial exhibits, excluding exhibits solely for impeachment, that they intend to offer at trial, including Plaintiffs' objections thereto, is attached as **Exhibit E**.

13. The parties' joint list of pre-marked trial exhibits, excluding exhibits solely for impeachment, that they intend to offer at trial, including any objections thereto, is attached as **Exhibit F**. Unless otherwise noted, no party has any objection to these joint exhibits, such that they may be received in evidence without any need for foundation testimony.

14. Subject to the remaining provisions of this Order, each exhibit list contains all of the exhibits that a party intends to present at trial other than solely for impeachment.

15. The parties' exhibit lists identify concisely the basis or bases for the other party's objection, if any, to each listed exhibit. The parties will continue to negotiate regarding objections. Exhibits to which no objection has been made are received in evidence by operation of this Order, without any need for further foundation testimony.

16. The parties stipulate to the authenticity of all exhibits. Any objection to a document's authenticity must be made in this Order.

17. The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated as having been given under oath, whether or not the answers were signed or verified by the party making them.

18. Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original.

19. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

20. Neither party will remove a document once it has been added to the party's exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

21. A party may not add exhibits to its exhibit list after the date of this Order, except for good cause shown or by agreement of the other parties. Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were on its own exhibit list, subject

to all evidentiary objections. Any exhibit, once admitted at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to enter the document into evidence.

22. Demonstrative trial exhibits need not be listed on the parties' exhibit lists. Plaintiffs' demonstratives will be identified with "PDTX" numbers. Defendants' demonstratives will be identified with "DDTX" numbers.

23. The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF, PowerPoint, or some other commonly viewable format, according to the schedule below. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD or CD. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x. 11 inch copies of the exhibits. Each party will exchange by e-mail PDFs, or by courier a DVD or CD, of demonstrative trial exhibits by 6:00 pm EDT one calendar day before they will be used at trial. For example, PDFs of demonstrative trial exhibits intended for use at trial on Monday, June 6, 2016, would be exchanged by e-mail by 6 pm EDT on Sunday, June 5, 2016.

24. The party receiving identification of demonstrative trial exhibits shall inform the party identifying the exhibits of any objections by 9:00 pm EDT on the day of receipt, and the parties shall meet and confer as soon as possible thereafter to resolve such objections. Any objections to any demonstrative trial exhibit that are maintained following a meet and confer process may be taken up with the Court prior to the witness's testimony or as otherwise directed by the Court.

25. Each party will also provide by e-mail to opposing counsel a listing of all exhibits a party intends to use in direct examination by 12:00 pm EDT one calendar day before they will be used at trial. For example, a listing of all exhibits intended for use during direct examination on Monday, June 6, 2016, would be exchanged by e-mail by 12:00 pm EDT on Sunday, June 5, 2016.

26. The party receiving identification of exhibits intended for use in direct examination shall inform the party identifying the exhibits of any objections by 9:00 pm EDT on the day of receipt, and the parties shall meet and confer as soon as possible thereafter to resolve such objections. Any objections to any trial exhibit that are maintained following a meet and confer process may be taken up with the Court prior to the witness's testimony or as otherwise directed by the Court.

27. The advance notification provisions for demonstrative trial exhibits and exhibits intended for use in direct examination do not apply to demonstrative exhibits used during closing statements, to demonstratives used during cross-examination, to demonstrative exhibits created in the courtroom during live testimony, or to demonstrative exhibits that contain only excerpts, enlargements, and/or highlights of the text of exhibits that have been properly identified for use during the direct examination of the particular witness.

28. Demonstratives to be used during opening statements (as opposed to fact or expert witness testimony) will be exchanged by e-mail one calendar day before opening statements will be presented at trial. For example, under the current schedule, demonstratives for opening statements would be exchanged by 6:00 pm EDT on Sunday, June 5, 2016.

29. Plaintiffs and Defendants shall exchange two (2) copies of witness binders containing any exhibits to be used with that witness at the start of a witness's direct examination. If additional exhibits are to be used during cross-examination, Plaintiffs and Defendants shall exchange two

(2) copies of each exhibit prior to its introduction. Plaintiffs will use white colored binders and the Defendants will use black colored binders.

### IV. WITNESS LISTS AND EXPERT QUALIFICATION STATEMENTS

30. Plaintiffs' list of names and addresses of the potential fact and expert witnesses that they may call to testify at trial, and Defendants' objections thereto (if any), is attached as **Exhibit G**.

31. Plaintiffs' statement setting forth the qualifications of each of their expert witnesses and the subject matter of each expert's expected testimony is attached as **Exhibit H.**

32. Defendants' list of names and addresses of the potential fact and expert witnesses that it may call to testify at trial, and Plaintiffs' objections thereto (if any), is attached as **Exhibit I**.

33. Defendants' statement setting forth the qualifications of each of its expert witnesses and the subject matter of each expert's expected testimony is attached as **Exhibit J**.

34. Plaintiffs and Defendants each object to the other party's expert testimony to the extent it goes beyond the subject matter set forth in the expert's reports or raised in their deposition, or goes beyond the scope of the expert's recited expertise.

35. Witnesses whose testimony is expected to be by means of a deposition are so designated on the parties' witness lists.

36. The parties expect to present some or all of the witnesses identified in their respective witness lists, or to call the witnesses identified in their respective lists if the need arises, either live or by deposition (by reading the transcript, playing the video or as otherwise directed by the Court) as indicated.

37. The parties' witnesses lists represent the parties' good faith understanding and expectation about which witnesses are expected to be called live at trial. If a party decides not to call a witness listed on that party's "will call" list to testify live at trial, that party will timely notify the opposing party of its decision not to call the witness. That party further agrees (i) that

the opposing party may designate deposition testimony from that witness, and (ii) that it will make no objection to such designations on the ground that the designations are untimely. The parties further agree that, if the opposing party designates deposition testimony pursuant to the foregoing sentence, counter-designations and counter-counter-designations shall be allowed and the parties agree to make no objections on the ground that such counter-designations and counter-counter-designations are untimely.

38. Upon reasonable notice to the opposing party and – if opposed, permission from the Court – the parties further reserve the right to call: (1) one or more additional witnesses whose testimony is necessary to establish the authenticity or admissibility of any trial exhibits, if the authenticity or admissibility of the exhibit is challenged by an opposing party; and (2) additional witnesses to respond to any issues raised by the Court's pretrial or trial rulings.

39. Except as set forth herein, no fact or expert witness called by a party shall be permitted to testify at trial unless identified on a party's witness list.

40. For witnesses testifying by deposition, the introducing party will identify the particular designated deposition testimony (by page and line) that are actually intended to be played or read at trial, or a disclosure that all pages and lines previously designated will be read or played, by 6:00 pm EDT two calendar days prior to introducing deposition testimony. By 6:00 pm EDT the next calendar day, the other party will identify any specific pages and lines from that deposition testimony to counter-designate and any testimony about which it maintains an objection. The parties shall meet and confer as soon as possible thereafter to resolve any objections to designated deposition testimony, and to give the introducing party time to prepare any necessary video/DVD of the testimony, with a final meet and confer to be conducted, only if needed, no later than 9:00 pm EDT the calendar day before the testimony is to be introduced. If the

introducing party will be playing the designated testimony by video/DVD, the introducing party will send the video/DVD excerpts of the testimony to be offered to the other party by 11:30 pm EDT the calendar day before the testimony is to be introduced.  If objections to the disputed testimony are not resolved by this process, the parties shall present such objections to the Court on the day of their intended use at a time appropriate and before the testimony is to be presented or as otherwise directed by the Court.

41.     By 12:00 pm EDT one calendar day before a witness will be called to testify (either live or by deposition), the name of the witness will be identified by e-mail to opposing counsel, along with an explanation of whether the witness will testify live or by deposition, as well as the expected order of presentation.

42.     Each party will give notice by e-mail to the opposing party by 6:00 pm EDT two calendar days before it expected to complete its presentation of evidence.  By 12:00 pm EDT the following calendar day, the opposing party will identify by e-mail the witness(es) that it intends to call of the first day of its case-in-chief or rebuttal.

### V.     DEPOSITION DESIGNATIONS

43.     Plaintiffs' list of deposition designations, Defendants' objections to such designations, Defendants' counter-designations, Plaintiffs' objections to such counter-designations, Plaintiffs' counter-counter designations, and Defendants' objections thereto, is attached as **Exhibit K**.

44.     Defendants' list of deposition designations, Plaintiffs' objections to such designations, Plaintiffs' counter-designations, Defendants' objections to such counter-designations, Defendants' counter-counter designations, and Plaintiffs' objections thereto, is attached as **Exhibit L**.

45. The parties may not list new deposition designations or counter-designations or counter-counter-designations, or provide new objections to listed designations or counter-designations or counter-counter-designations, except for good cause shown or by agreement of the parties.

46. If a party decides to play or read some but less than all of the designated testimony for a witness at trial, or to include less than all of its counter-designations, the opposing party may use such dropped testimony as counter-designations or counter-counter-designations when the deposition is played or read to the extent the usage of such testimony in such manner is otherwise consistent with Fed. R. Evid. 106, Fed. R. Civ. P. 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure.

47. If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the associated errata sheets.

48. When deposition designations are introduced, all counter-designations and counter-counter-designations will also be introduced in the sequence in which the testimony was originally given. All colloquy between counsel and objections shall be eliminated when the deposition is read or played at trial. When deposition designations are read or played at trial, each party will be charged for the time taken to read or play its designations (or counter-designations or counter-counter-designations), as measured by the proportion of lines of testimony for its designations (or counter-designations or counter-counter-designations) to the total number of lines of testimony read or played.

49. If a party chooses to read a witness's designations at trial, all counter-designations and counter-counter-designations will also be read. If a party chooses to play video of a witness's

designations at trial, all counter-designations and counter-counter-designations will also be played in video.

## VI.   ITEMIZED LIST OF SPECIAL DAMAGES

50.   This case does not involve any claims for special damages.

51.   Plaintiffs and Defendants each reserve their respective right to seek their attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## VII.   WAIVERS OF ANY CLAIMS OR DEFENSES

52.   At this time there are no waivers of claims and defenses.

## VIII.   PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

53.   A brief statement of what Plaintiffs intend to prove in support of their claims and defenses, in the form of Proposed Findings of Fact and Conclusions of Law, is attached as **Exhibit M**.

54.   A brief statement of what Defendant intends to prove in support of its defenses and counterclaims, in the form of Proposed Findings of Fact and Conclusions of Law, is attached as **Exhibit N**.

## IX.   DESIRED AMENDMENTS TO THE PLEADINGS

55.   No party desires any amendments to the pleadings.

## X.   CERTIFICATION OF ATTEMPTED RESOLUTION OF CONTROVERSY

56.   The parties have been engaged in good faith efforts to explore the resolution of this case by settlement.  Since January 2016, Magistrate Judge Thynge has conducted several calls with the parties.  To date no agreement has been reached.  Magistrate Judge Thynge has scheduled an in-person mediation for May 26, 2016.

**XI. STATEMENT REGARDING DISCOVERY**

57. All fact and expert discovery in this action is complete. Absent good cause shown, no further discovery shall be permitted.

**XII. TRIAL PARAMETERS**

58. Trial is currently scheduled to begin on June 6, 2016 at 9:00 a.m. EDT. Trial is currently scheduled for five (5) trial days.

59. This is a non-jury trial.

60. The parties request that the trial be conducted as follows:

    (i) Plaintiffs' case-in-chief on infringement;

    (ii) Defendants' response on infringement, and case-in-chief on invalidity;

    (iii) Plaintiffs' rebuttal on infringement, and response on invalidity; and

    (iv) Defendants' rebuttal on invalidity.

**XIII. OTHER MATTERS**

61. No motions *in limine* will be filed.

62. Plaintiffs intend to present certain other issues, including evidentiary issues, not falling within the foregoing categories as set forth in **Exhibit O**.

63. Defendants intend to present certain other issues, including evidentiary issues, not falling within the foregoing categories as set forth in **Exhibit P**.

64. The parties shall be prepared to address the evidentiary issues listed in Exhibit O and Exhibit P at the Pretrial Conference, and any further evidentiary issues during trial (before and after the trial day).

65. This order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

66. Possibility of settlement of this case was considered by the parties.

| | |
|---|---|
| */s/ Sarah E. Hickie* | */s/ Karen E. Keller* |
| John M. Seaman (#3868) | Karen E. Keller (#4489) |
| Sarah E. Hickie (#5833) | Jeffrey T. Castellano (#4837) |
| ABRAMS & BAYLISS LLP | David M. Fry (#5486) |
| 20 Montchanin Road, Suite 200 | SHAW KELLER LLP |
| Wilmington, DE 19807 | 300 Delaware Avenue, Suite 1120 |
| Tel: (302) 778-1000 | Wilmington, DE 19801 |
| Fax: (302) 778-1001 | (302) 298 0700 |
| seaman@abramsbayliss.com | kkeller@shawkeller.com |
| hickie@abramsbayliss.com | jcastellano@shawkeller.com |
| | dfry@shawkeller.com |
| OF COUNSEL: | OF COUNSEL: |
| Thomas J. Meloro | William G. James |
| Heather M. Schneider | GOODWIN PROCTER LLP |
| Erin E. McLeod | 901 New York Ave., NW |
| Dan Constantinescu | Washington, DC 20001 |
| WILLKIE FARR & GALLAGHER LLP | (202) 346-4000 |
| 787 Seventh Avenue | WJames@goodwinprocter.com |
| New York, NY 10019 | |
| Telephone: (212) 728-8000 | Cynthia Lambert Hardman |
| tmeloro@willkie.com | Brian J. Prew |
| hschneider@willkie.com | GOODWIN PROCTER LLP |
| dconstantinescu@willkie.com | The New York Times Building |
| | 620 Eighth Avenue |
| *Attorneys for Plaintiffs Hospira, Inc. and Orion Corporation* | New York, NY 10018 |
| | (212) 459-7199 |
| | CHardman@goodwinprocter.com |
| | BPrew@goodwinprocter.com |
| | Samuel Sherry |
| | Jenny J. Zhang |
| | GOODWIN PROCTER LLP |
| | Exchange Place |
| | Boston, MA 02109 |
| | (617) 570-1000 |
| | SSherry@goodwinprocter.com |
| | JZhang@goodwinprocter.com |
| | *Attorneys for Defendants Eurohealth International SARL and West-Ward Pharmaceutical Corp.* |

Dated: May 2, 2016

IT IS SO ORDERED this ___ day of May 2016.

                                               The Honorable Gregory M. Sleet